**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Daniel B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 21-cv-50471 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel B. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his application for supplemental security income. For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**BACKGROUND**

**A. Procedural History**

Daniel B. ("Plaintiff") protectively filed for supplemental security income on June 12, 2019. R. 61. This application alleged a disability beginning on March 2, 2019. *Id.* The Commissioner of the Social Security Administration ("Commissioner") denied his application on October 18, 2019, and upon reconsideration on April 7, 2020. R. 74, 90. Plaintiff filed a written request for a hearing on April 25, 2020. R. 103. On December 17, 2020, a hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Plaintiff appeared and testified. R. 10. Plaintiff was represented by counsel. *Id.* Jill Radke, an impartial vocational expert, also appeared and testified. *Id.*

On March 18, 2021, the ALJ issued her written opinion denying Plaintiff's claim for supplemental security income. Plaintiff appealed the decision to the Appeals Council, which was denied on October 15, 2021. R. 1-6. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [5]. Now before the Court are Plaintiff's opening brief [8], the Commissioner's motion for summary judgment and response to Plaintiff's brief [13], and Plaintiff's reply [14].

**B. The ALJ's Decision**

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the

alleged onset date of June 12, 2019. R. 12. At step two, the ALJ found Plaintiff had the following severe impairments: pseudo-seizure disorder, obesity, diabetes, anxiety disorder, and major depressive disorder. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.*

Before step four, the ALJ found Plaintiff had a residual functional capacity ("RFC") to perform medium work with the following limitations: never climb ladders, ropes or scaffolds; never be exposed to unprotected heights, dangerous heavy moving machinery, uneven footing, and sharp objects; never operate vehicles; occasional exposure to dust, gases, odors, fumes and pulmonary irritants; simple 1-2 step instructions; and no interaction with the general public. R. 15. At step four, the ALJ found that Plaintiff has no past relevant work. R. 24. At step five, the ALJ found that, in reliance on the VE's testimony, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from June 12, 2019, through the date of the decision, March 18, 2021. R. 25.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . .. [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff challenges the ALJ's decision on the grounds that the ALJ failed to provide substantial evidence in support of her RFC determination and incorrectly applied the regulatory procedure for evaluating a claimant's subjective symptoms. As detailed below, the Court agrees

2

that the ALJ's subjective symptom analysis requires a remand.

Plaintiff contends that the ALJ failed to support her analysis of Plaintiff's subjective symptoms with substantial evidence as required by Social Security Ruling 16-3p. Specifically, Plaintiff points to the ALJ's reliance on the lack of objective support to discredit his subjective reports without an analysis of any of the remaining factors.

At the hearing, Plaintiff testified that, because of his seizures, he has been having "major severe memory loss problems going on and also much more drowsiness and a lot more pain." R. 38-39. Plaintiff also reported having these seizures "about every two or three days." R. 39. This frequency is supported by reports from Plaintiff's parents who both describe his seizures as happening more than once a week as well as his "seizure diary" in which he kept notes of each episode. R. 245, 246, 288-296.

The Court will overturn an ALJ's evaluation of a claimant's subjective symptom allegations only if it is patently wrong. *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 1997). An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). An ALJ must justify her evaluation of a claimant's subjective symptoms with "specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). The ALJ must consider all the record evidence regarding the claimant's symptoms, including daily activities, the severity of the symptoms, precipitating and aggravating factors, medication, and other treatment or measures used to relieve the symptoms. 20 C.F.R. § 404.1529(c)(3); SSR 16-3p, 2017 WL 5180304, at *7-8 (S.S.A. Oct. 25, 2017). An ALJ is not permitted to "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" the alleged degree of symptoms. SSR 16-3p, at *5.

In evaluating Plaintiff's subjective symptom allegations, the ALJ found that Plaintiff "made some reports of severe fatigue, memory loss, anxiety, and other symptoms… but this fact is outweighed by the lack of supportive objective findings." R. 21. She also described Plaintiff's subjective reports as "inconsistent with and grossly disproportional to, the objective medical evidence and other evidence in the record." *Id.* However, despite seemingly recognizing that some other evidence is required, the ALJ appears to have discredited Plaintiff's subjective claims based solely on a lack of objective medical evidence to support them. This is precisely the error the Seventh Circuit has long cautioned against. *See Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009) ("[A]n ALJ may not discredit testimony of pain solely because there is no objective medical evidence to support it."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ([T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."); *Crosby v. Apfel*, 248 F.3d 1157, 2000 WL 1909641, at *4 (7th Cir. 2000) (unpublished) (citing *Pope v. Shalala*, 998 F.2d 472, 482 (7th Cir. 1993) ("[T]he applicable regulations do not 'require objective medical evidence to corroborate statements about the intensity, persistence, and functional effects of pain or other symptoms… [and] will not reject the statements of the individual… solely because the available objective medical evidence does not substantiate these statements.'"); *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004) ("'[O]nce the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.'").

3

The ALJ failed to adequately explain and support her decision to discredit Plaintiff's testimony relating to the frequency of his seizures as she did not analyze the factors required under S.S.R. 16-3p. Although she briefly described Plaintiff's testimony about his daily activities, she did not, for example, explain whether these activities were consistent or inconsistent with the pain and limitations he claimed. R. 16-17. Instead, the ALJ relied on her finding that "objective examinations of record are almost entirely within normal limits" despite her finding a "strong likelihood that [the seizures] are psychologically based." R. 21, 19. The ALJ even noted that the evidence corroborating Plaintiff's seizures is "remarkable" as it included a seizure diary kept by Plaintiff and three third party reports from family before discrediting these reports for being "inconsistent with the medical evidence overall." R. 22-23.

The ALJ's reliance on a lack of objective medical evidence to dismiss Plaintiff's subjective symptoms also demonstrates a misunderstanding of a pseudoseizure. Pseudoseizures, or psychogenic seizures, present like epileptic seizures but are not triggered in the same way and thus cannot be measured in the same way. *Boiles v. Barnhart*, 395 F.3d 421, 422 (7th Cir. 2005) (citing Ronald P. Lesser, *Treatment and Outcome of Psychogenic Nonepileptic Seizures*, Epilepsy Currents, Nov. 2003, at 198). "Psychogenic seizures do not show up on objective testing, such as an EEG, CT, or MRI." *Maples v. Saul*, 2021 WL 1291766, at *4 (N.D. Ind. April 7, 2021). As a result, psychogenic seizures are "less likely to be observed by treating physicians." *Id.*

Nonetheless, to discredit Plaintiff's claims, the ALJ relied in findings such as "repeated diagnostic evidence showed no epilepsy findings" and "physical examinations mostly revealed normal gait, ranges of motion, and sensation." (R. 22-23). However, the lack of epileptic findings that the ALJ relied on to discredit Plaintiff's subjective reports are what would be expected for an individual suffering from pseudoseizures. *Maples*, 2021 WL 1291766, at *4. Similarly, reliance "on benign examinations with intact coordination and balance, as well as normal gait" provided the ALJ no support because "[u]nremarkable objective testing is consistent with psychogenic seizures, which are psychological in nature." *Id.* Accordingly, the ALJ improperly dismissed Plaintiff's statements regarding his subjective symptoms as to his psychogenic seizures based solely on a lack of objective medical evidence, which was improper.

The Court cannot find that the ALJ's failure to sufficiently analyze Plaintiff's subjective symptoms was harmless because the Court cannot "predict with great confidence that the result on remand would be the same." *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). As such, a remand is required for the ALJ to fully consider Plaintiff's reported frequency of pseudo-seizures and explain her analysis.

In remanding this case, the Court is not opining that the RFC determinations were unsupported by substantial evidence or that the evidence requires a more restrictive RFC, only that Plaintiff's subjective symptom reports require more analysis. In light of this Court's remand, any remaining issues not addressed herein shall be considered on remand along with the above issues. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion for summary judgment is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: October 4, 2024          Enter: *Margaret J. Schneider*
                                      United States Magistrate Judge